UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

| | | |
|---|---|---|
| **RICHARD UNSEL** | : | |
| 1921 Deerfield Rd. | | |
| Wickliffe, KY  42087 | : | CASE NO.  5:19-cv-38-TBR |
| **Plaintiff** | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | : | |
| Cigna Legal | | |
| Attention:  Donna Gaudet | : | |
| Incoming Legal Coordinator | | |
| 900 Cottage Grove Rd., B6LPA | : | |
| Hartford, CT  06152 | | |
| | : | **COMPLAINT** |
| and | | |
| | : | |
| **VERSO PAPER HEALTH AND WELFARE BENEFIT PLAN** | : | |
| Attn:  Employee Benefits Department | | |
| 6775 Lenox Center Court | : | |
| Memphis, TN  38115-4428 | | |
| | : | |
| **Defendants** | : | |

Now comes the Plaintiff, Richard Unsel, by and through counsel, and for his Complaint hereby states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans.  In this case, the Plaintiff, Richard Unsel, asserts a claim for group disability benefits available under a long-term disability Plan provided for the employees of Verso Paper Holdings, LLC (hereinafter the "Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court.  This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials.  Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Richard Unsel, seeks an award of disability benefits, including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Verso Paper Holdings, LLC.  This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4.     Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when his medical condition deteriorated and he could no longer work.  Plaintiff is now disabled.  Venue is proper in the Western District of Kentucky because the agreement providing long-term disability benefits was breached in Ballard County, Wickliffe, Kentucky.

5.     At all times relevant hereto, the long-term disability plans constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1).  Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).

6.     The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Life Insurance Company of North America, a CIGNA company (hereinafter "CIGNA / LINA").

## STATEMENT OF FACTS

7.     Richard Unsel left work at Verso Paper Holdings, LLC on September 23, 2015, due to symptoms associated with rapid atrial fibrillation with associated heart failure.  Mr. Unsel has also been diagnosed with prostate cancer, asthma and sleep apnea.  Symptoms from the above medical conditions included fatigue, chest pain, and shortness of breath.

8.  Mr. Unsel worked as a "Area Maintenance Supervisor" which is a semi-skilled, light strength demand occupation.

9.  Mr. Unsel applied for short-term disability benefits upon his departure from work. These benefits were approved and paid for the time period of September 23, 2015 through March 20, 2016.

10. Long-term disability benefits began on March 21, 2016 and were paid for the inability to perform his "own occupation" until March 20, 2018.

11. The definition of disability that Plaintiff must meet under the disability policy after March 20, 2018, is as follows:

> "After Disability Benefits have been payable for 24 months, the Employee is considered Disabled, if, solely due to Injury or Sickness, he or she is: 1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and 2) unable to earn 70% or more of his or her Indexed Earnings."

12. Cigna/LINA denied Plaintiff's long-term disability benefits by letter dated December 26, 2017. This denial was based on an Independent Medical Examination performed by Rafid Kakel, M.D.

13. On October 16, 2018, Plaintiff, through counsel, filed an appeal to Cigna / LINA's denial of benefits. This appeal included updated medical records; a letter from Plaintiff's treating cardiologist, Christopher Ellis, M.D; and the statement under oath of Richard Unsel, which described his limitations and symptom severity.

14.  Upon receipt of Plaintiff's appeal, Cigna / LINA, through its third party vendor, Dane Street, hired Robert Bryg, M.D., who completed a non-examining file review which concluded that Mr. Unsel would be capable of performing a sedentary occupation. Dr. Bryg was not provided with the statement under oath of Plaintiff that was submitted on appeal.

15.  On November 14, 2018, Roger Belcourt, M.D., an occupational medicine physician, performed a non-examining file review and concluded that Mr. Unsel was not functionally limited and no activity restrictions were necessary. Dr. Belcourt was not provided with the new opinion letter from Dr. Ellis submitted on appeal or Mr. Unsel's statement under oath during his review.

16.  On November 16, 2018, Cigna employees created a Transferable Skills Analysis using only the restrictions and limitations provided by Dr. Bryg. The analysis concluded that Mr. Unsel would be able to perform the occupations of Quality-Control Supervisor and Supervisor, Vendor quality, both semi-skilled to skilled sedentary occupations.

17.  On December 21, 2018, Dr. Belcourt was provided with Dr. Ellis' October 12, 2018, letter and attempted to contact him directly. No direct contact was made and Dr. Belcourt advised that he had been initially asked to comment on comorbid conditions so the new information from Mr. Unsel's treating cardiologist, did not change his previous opinion.

18. Cigna/LINA issued its second denial of long-term disability benefits on January 18, 2019, which advised that Plaintiff could file a second voluntary appeal or file a lawsuit under § 502(a) of ERISA.

**FIRST CAUSE OF ACTION**
**CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)**

19. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 18 of the Complaint.

20. Defendant Plan and Cigna/LINA failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Cigna/LINA and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

21. Defendant Cigna/LINA has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed Cigna/LINA to use its own directly compensated physician employees and nurse reviewers and allowed for an overreliance on non-examining physicians' opinions. The conflict of interest caused Cigna/LINA to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.

22.     While Defendant Cigna/LINA may have the authority to make claims determinations under applicable law and the language of the Policy, Cigna/LINA's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

23.     As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

24.     If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Cigna/LINA's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Cigna/LINA in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by Cigna/LINA and an examination of the record reveals that Cigna/LINA's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

25.     Cigna/LINA and the Plans have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts:  1) Defendants have ignored evidence supplied by Plaintiff which supports his disability; 2) Defendants relied

upon non-examining peer reviews that mischaracterized Plaintiff's medical severity; 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included chest pain, weakness, fatigue, shortness of breath and an inability to persist; and 4) Defendants have engaged in a selective review of evidence presented by the claimant.

26. Plaintiff has exhausted his administrative remedies and the Plan still wrongfully denies benefits to which he is entitled.

27. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

28. The disability Plan under which the Plaintiff Richard Unsel was a participant at the time of his disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

29. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

30. The Plan Administrator, the Plan and Cigna/LINA failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process. See 29 CFR 2560.503-1(g)(1)(v)(A)&(B). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Cigna/LINA offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable.

31. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Richard Unsel, prays for the following relief:

A. That the Court enter judgment in Plaintiff Unsel's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Unsel in an amount equal to the contractual amount of benefits to which Unsel is entitled;

B. That the Court order the Defendants to pay Unsel's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court declare Richard Unsel rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Unsel's benefits until such time as

        the Court decides that he meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

D.    That the Court award the Plaintiff his attorney fees pursuant to 29 U.S.C. § 1132(g); and

E.    That Plaintiff recovers any and all other relief to which he may be entitled, as well as the costs of the suit.

Dated this 7th day of March 2019

Respectfully submitted,

*/s/ Joseph P. McDonald*

---

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Richard Unsel

10